UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William L. McCants, | ) C/A No. 2:12-3194-RMG-BHH |
|                 Plaintiff, | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| Charleston County Sheriff Office; | ) FOR PARTIAL DISMISSAL |
| Deputy Adam L. Midgett; and | ) |
| Sheriff J. Al Cannon, Jr., | ) |
|                 Defendants. | ) |

William L. McCants ("Plaintiff") files this civil rights action as a *pro se* litigant.[1] Plaintiff is also proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. Under Local Civil Rule 73.02(B)(2)(DSC), pretrial proceedings in this action were referred to the assigned United States Magistrate Judge.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(DSC), the undersigned is authorized to review *pro se* complaints and submit findings and recommendations to the district court. The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is

---

[1] The complaint indicates Plaintiff was an inmate at Manning Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), at the time he completed the complaint form. ECF No. 1, p. 2. But Plaintiff also provided a return address that is not the prison's address. Therefore, in the event that a limitations issue arises, Plaintiff will not have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). It appears Plaintiff was released from SCDC custody prior to filing the complaint with the court.

immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir.1990).

## BACKGROUND

Plaintiff alleges that Defendant Midgett, a law enforcement officer, was following Plaintiff's car, and when Defendant Midgett put his blue light on, Plaintiff pulled over, jumped out of his car and ran away. Defendant Midgett ran after Plaintiff, along with a "K-9 dog." ECF No. 1, p. 3. Plaintiff alleges the dog bit his leg and caught and held his pant leg, while Defendant Midgett ordered him to put his hands up. Plaintiff alleges that although he was not resisting arrest, Defendant Midgett punched him in the face and rib cage while he was on the ground in one handcuff, and didn't stop the dog from biting him on the arm, leg and knee. ECF No. 1, p. 4. Plaintiff alleges that after both of his hands were cuffed, Defendant Midgett instructed the dog to "get em," resulting in continued biting. *Id.* Plaintiff alleges another officer appeared and he was subsequently taken to the hospital by EMS, where he received stitches. He claims Sheriff J. Al Cannon is responsible for the actions of his deputies, including the dog, and he requests monetary damages.

## DISCUSSION

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute, 42 U.S.C. § 1983, "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint contains no factual allegations against the Charleston County Sheriff's Department, and even if allegations were made, the Sheriff's Department is immune from liability under § 1983 for the actions of deputy sheriffs. In South Carolina, a sheriff's department is an agency of the state, not a department under the control of the county. *See Carroll v. Greenville County Sheriff's Dep't*, 871 F. Supp. 844, 846 (D.S.C. 1994) (suit against the sheriff's office is suit against the state); *see also Edwards v. Lexington Cnty. Sheriff's Department*, 386 S.C. 285, 287 n. 1, 688 S.E.2d 125, 127 n. 1 (2010) ( "[U]nder South Carolina law, the sheriff and sheriff's deputies are State, not county, employees."). As an agency of the state, the Charleston County Sheriff's Office is immune from suit under the Eleventh Amendment. *Stewart v. Beaufort County*, 481 F.Supp.2d. 483, 492 (D.S.C. 2007) ("[A] federal court lacks jurisdiction to hear a cause of action against a South Carolina Sheriff's Department, as such a suit is barred by state immunity."). The Charleston County Sheriff's Department, identified in the complaint as the "Charleston

County Sheriff Office," should be dismissed as a party defendant in this case.

Similarly, Sheriff Cannon is entitled to summary dismissal. The complaint contains no allegations that Sheriff Cannon was personally involved or had personal knowledge of the alleged excessive force used by Defendant Midgett. The only allegation against Sheriff Cannon is that he is "responsible for the actions 'accordingly' of his Deputies and the K-9." ECF No. 1, p. 4. The doctrine of respondeat superior, liability of an employer or supervisor based solely on the actions of an employee, is generally not applicable to § 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d 926, 928–29 (4th Cir.1977). *Cf. Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir.1990)("supervisory indifference or tacit authorization of subordinate misconduct" as "direct cause of constitutional injury" may be actionable); and *Slakan v. Porter*, 737 F.2d 368, 370–75 (4th Cir.1984)(same). Further, in his official capacity, Sheriff Cannon is an "arm of the State," and therefore immune from suit under the Eleventh Amendment. *Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir.1996); *McConnell v. Adams*, 829 F.2d 1319, 1328-29 (4th Cir. 1987) (suit against sheriff in official capacity is barred by the Eleventh Amendment). Sheriff J. Al Cannon, Jr., should be dismissed as a party defendant in this case.

### RECOMMENDATION

Accordingly, it is recommended that the Charleston County Sheriff's Office and Sheriff J. Al Cannon, Jr., be dismissed, without prejudice, as defendants in this case. The case will continue against the remaining defendant, Deputy Adam L. Midgett, upon service of process, directed by separate order.

s/Bruce Howe Hendricks

                                                                  United States Magistrate Judge

November 27, 2012
Charleston, South Carolina

**Plaintiff's attention is directed to the important noticed on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).