IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| William L. McCants, ) | |
| ) | C/A No. 2:12-3194-RMG |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| Charleston County Sheriff Office, ) | |
| Deputy Adam L. Midgett; and Sheriff ) | |
| J. Al Cannon, Jr. ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate recommending that the Court dismiss without prejudice the Charleston County Sheriff Office and Sheriff J. Al Cannon, Jr. as defendants in this case. (Dkt. No. 9). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

## Background

Plaintiff filed this *pro se* action seeking relief for alleged excessive force exercised by Deputy Adam L. Midgett during Plaintiff's arrest on November 4, 2010. (Dkt. No. 1). Along with his complaint, Plaintiff also filed a motion to proceed *in forma pauperis*. (Dkt. No. 5). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for all pretrial proceedings. On November 27, 2012, the Magistrate granted Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 10) and issued the present R&R (Dkt. No. 9). Plaintiff failed to file timely objections to the R&R.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with

this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), this Court must dismiss the case of a Plaintiff proceeding *in forma pauperis* if it determines that the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. As a *pro se* litigant, the Court must give Plaintiff's pleadings a liberal construction, *Erikson v. Pardus*, 551 U.S. 89, 94, 127 (2007), but this does not mean that the Court can ignore clear failures to allege facts which set forth a claim cognizable in federal district court, *Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

## Discussion

After a thorough review of the record and the R&R, the Court finds that Magistrate applied sound legal principles to the facts of this case and therefore agrees with and adopts the R&R. The Magistrate properly construed Plaintiff's complaint as asserting a claim under 42 U.S.C. § 1983 for violation of his constitutional rights based on alleged excessive force used by Deputy Adam L. Midgett during Plaintiff's arrest on November 4, 2010. Accordingly, the Magistrate appropriately determined that the Charleston County Sheriff's Department should be dismissed because it is immune from suit under the Eleventh Amendment, *Stewart v. Beaufort County*, 481 F. Supp. 2d 483, 492 (D.S.C. 2007), and because Plaintiff made no allegations against the Department in his complaint. Similarly, the Magistrate correctly dismissed Sheriff J. Al Cannon as a defendant. The complaint makes no allegations that Sheriff Cannon was

personally involved in or had any knowledge of Deputy Midgett's alleged excessive force. Rather, Plaintiff appears to assert that Sheriff Cannon may be held liable under the doctrine of *respondeat superior*. (Dkt. No. 1 at 4). However, *respondeat superior* liability is generally inapplicable in § 1983 actions, *Vinnedge v. Gibbs*, 550 F.2d 926, 928-29 (4th Cir. 1977), and Plaintiff has not alleged any facts showing "supervisory indifference or tacit authorization" by Sheriff Cannon for Deputy Midgett's alleged actions, *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990). Further, Sheriff Cannon, in his official capacity, is immune from suit under the Eleventh Amendment. *Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996).

## Conclusion

Based on the reasoning above, the Court adopts the R&R as the order of the Court. (Dkt. No. 9). Accordingly, the Court dismisses without prejudice the Charleston County Sheriff Office and Sheriff J. Al Cannon, Jr. as defendants in this case.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 17, 2012
Charleston, South Carolina